UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| FAYE MILLER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No.: 3:09-CV-85 |
| | ) (VARLAN/SHIRLEY) |
| MONROE COUNTY, TENNESSEE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This civil action is before the Court on defendants' Motion to Dismiss [Doc. 6], in which defendants argue that plaintiffs' complaint must be dismissed because the Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Specifically, defendants assert that the complaint cites diversity of citizenship pursuant to 28 U.S.C. § 1332 as the basis for the Court's subject matter jurisdiction, but that the complaint's own allegations show that complete diversity does not exist. Plaintiffs have filed a response in opposition to the motion to dismiss [Doc. 18].

In the complaint, plaintiffs assert claims under the wrongful death statutes of the state of Tennessee and a claim for a violation of civil rights pursuant to 28 U.S.C. § 1983 [Doc. 1]. Plaintiffs have stated that jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, because "there exist[s] complete diversity of citizenship between the parties, and the amount in controversy . . . exceed[s] Seventy-five Thousand Dollars." [*Id.*]. The complaint states that all plaintiffs are citizens and residents of Monroe County, Tennessee, that

defendants Monroe County and Bill Bivens, Sheriff of Monroe County, can be served in Madisonville, Tennessee, that defendants Officer Samantha Hampton and Karen Chapman, R.N. "can be served in care of the Monroe County Sheriff's Department," and that defendant Southern Health Partners, Inc. is a "foreign corporation" organized and existing under the laws of Delaware, and may be served at its Tennessee registered agent [*Id.*].

A party may move to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a motion to dismiss "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). In a "facial attack," the basis of the challenge is not that the court does not actually have jurisdiction over the case, but rather that the plaintiff has failed to faithfully recite all the jurisdictional predicates necessary for the court to exercise subject matter jurisdiction over the matter. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). If based on a facial attack, "a district court takes the allegations in the complaint as true, which is a similar safeguard employed under [Federal Rule of Civil Procedure] 12(b)(6) motions to dismiss." *Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007) (citations omitted). If the plaintiff's allegations establish federal claims, jurisdiction exists. *Id.*

In contrast, a party making a "factual attack" on subject matter jurisdiction challenges the actual existence of the court's jurisdiction—a defect that may exist even though the complaint contains the formal allegations necessary to invoke jurisdiction. *RMI*, 78 F.3d at

1134. In this situation, the court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter. *Golden*, 410 F.3d at 881.

From the language of defendants' motion to dismiss, it is not clear whether defendants are bringing a "facial attack" or a "factual attack." However, the Court notes that defendants seek dismissal "without prejudice" and the motion to dismiss only addresses plaintiffs' jurisdictional statements, not the claims therein. Accordingly, the Court will consider the motion to dismiss a facial attack on plaintiffs' claim of jurisdiction.

Because the pending motion to dismiss involves a "facial attack," the Court must consider the allegations contained in the complaint to be true and draw all reasonable inferences in plaintiffs' favor. *RMI*, 78 F.3d at 1134. Thus, the Court will not dismiss plaintiffs' complaint unless it appears beyond doubt that plaintiffs have failed to set forth any facts which would provide the Court with jurisdiction. *Id.; see also Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). The Court will approach plaintiffs' complaint with the presumption that the allegations contained in it are true and will draw all reasonable inferences in plaintiffs' favor. *See RMI*, 78 F.3d at 1134. Accordingly, plaintiffs' complaint will not be dismissed unless it appears beyond doubt that they have failed to set forth any facts in the complaint which would provide the Court with jurisdiction. *Id.*; *see also Musson*, 89 F.3d at 1248.

Plaintiffs state that the Court has jurisdiction pursuant to 28 U.S.C. § 1332, the statute conferring diversity jurisdiction. However, diversity jurisdiction does not exist in this case

3

because complete diversity does not exist between the parties.[1] *See Wix v. Walker*, 2008 WL 3926393 at *1 (M.D. Tenn. 2008) (stating that "diversity of citizenship under § 1332 requires *complete* diversity between all plaintiffs on one side and all defendants on the other") (emphasis in original); *see also USF&G Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992). Accordingly, plaintiffs cannot claim jurisdiction based on § 1332.

However, upon careful review of the complaint, it appears to the Court that plaintiffs have overcome the relatively light burden of establishing subject matter jurisdiction. *Musson*, 89 F.3d at 1248 (citing *RMI*, 78 F.3d at 1134) (stating that "the plaintiff's burden to prove federal question subject matter jurisdiction is not onerous"). Plaintiffs have alleged, in the complaint, a claim for a violation of civil rights pursuant to 28 U.S.C. § 1983 [Doc. 1, ¶ 14]. "Section 1983 provides a federal cause of action for civil damages against an individual acting under color of state law who deprives another of rights, privileges, or immunities secured by the Constitution and laws." *Jones v. Reynolds*, 438 F.3d 685, 689 (6th Cir. 2006) (quotation marks omitted). Thus, a plaintiff alleging a claim for a violation of § 1983 may assert federal question as a jurisdictional basis. *See* 28 U.S.C. § 1331. In addition, local governments and local government officials may be subject to suit under § 1983 and, "[u]nder some circumstances, . . . the conduct of private parties may be deemed to be state

---

[1] In the complaint, plaintiffs state that all plaintiffs are citizens and residents of Tennessee [Doc. 1, ¶ 1]. Plaintiffs have sued Monroe County, Bill Bivens, the Sheriff of Monroe County, Officer Samantha Hampton, Karen Chapman, R.N., and Southern Health Partners, Inc. [*Id.*]. While the complaint does not list the residences of all these defendants, in light of the instant motion to dismiss and the subsequent answer filed by several of the defendants [Doc.13], the pleadings indicate that at least some of the defendants sued are also residents of Tennessee, therefore destroying complete diversity.

action." *Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007) (quoting *Lugar v. Edmondson Oil, Co., Inc.,* 457 U.S. 922, 937 (1982); *see also Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

Thus, given the standard with which this Court will view a "facial attack," drawing all inferences in plaintiffs' favor, the Court finds that plaintiffs have alleged facts sufficient to avoid dismissal for lack of subject matter jurisdiction at this time. Accordingly, because plaintiffs have asserted a claim under 28 U.S.C. § 1983 and brought suit against a local government entity and a local government official, the Court hereby determines that plaintiffs have met the burden of establishing subject matter jurisdiction. Accordingly, based upon the current record, defendants' Motion to Dismiss [Doc. 6] for lack of subject matter jurisdiction is hereby **DENIED**.

IT IS SO ORDERED.

                                              s/ Thomas A. Varlan
                                              UNITED STATES DISTRICT JUDGE